FILED

APR 20 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   INTELLISPHERE, LLC,                        CASE NO. 10-cv-1482

12                            Plaintiff,        ORDER DENYING MOTION FOR
                vs.                             DEFAULT JUDGMENT AND
13                                              MOTION FOR ATTORNEY'S FEES

14   SAN DIEGO MD MAGAZINE; EVEON C.            [Docket Nos. 9, 10]
     JOZWIAK,
15
                              Defendants.
16

17          Currently before the Court is Plaintiff's Motion for Default Judgment (Docket No. 9) and

18   related Motion for Attorney's Fees (Docket No. 10).  For the reasons set forth herein, the motions are

19   **DENIED**.

20                                  **BACKGROUND**

21          This action is based on alleged trademark infringement.  According to the Complaint, Plaintiff

22   owns the trademark "MD Magazine" and Defendants used this trademark in their on-line and written

23   publication without Plaintiff's permission.

24          On October 2, 2010, Plaintiff served Defendants with a Complaint alleging trademark

25   infringement, unfair competition and deceptive trade practices.  (Docket Nos. 4, 5.)  Defendants did

26   not file an answer or other response to the Complaint.  Accordingly, on November 16, 2010, the Clerk

27   entered a default against them.  (Docket No. 7.)

28          On December 31, 2010, Plaintiff filed the motions currently before the Court.  (Docket Nos.

9, 10.)  Defendants filed an opposition, and Plaintiff filed a reply.  (Docket Nos. 14, 15.)

## MOTION FOR DEFAULT JUDGMENT

It is well-established that courts are reluctant to grant default judgments due to the public policy favoring trial on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).  Factors relevant to determining whether a default judgment should be entered include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Id.* at 1471-72.

Applying those factors here, the Court first notes that the alleged infringement is somewhat narrow in scope and the Complaint was served only six months ago.  Therefore, Plaintiff would not be prejudiced absent a default judgment.  The Court further notes that Plaintiff seeks over $150,000 in damages and Defendants dispute that their business infringes on Plaintiff's alleged trademark.  Therefore, the sum of money at stake and the possibility of a dispute concerning material facts support the denial of Plaintiff's motion.  Lastly, Defendants' failure to file an answer appears to have been excusable neglect.  The record shows that the parties were engaged in settlement negotiations and Defendants were relying on erroneous advice from a non-attorney.  Defendants tried to retain counsel, but without success.  Additionally, Defendant Jozwiak had health problems that prevented him from more diligently defending against Plaintiff's claims.  In light of these factors that weigh against default judgment, the Court does not address the merits of Plaintiff's substantive claims or the sufficiency of the complaint.

Plaintiff's Motion for Default Judgment is **DENIED**.  Defendants shall have until and including May 23, 2011 to file an answer or other response to Plaintiff's complaint.  Defendants are reminded that corporate defendants cannot represent themselves and must retain counsel.  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel . . . [T]hat rule applies equally to all artificial entities."); *see also* Civil Local Rule 83.3.

///

**MOTION FOR ATTORNEY'S FEES**

Because Plaintiff is not the prevailing party, Plaintiff's Motion for Attorney's Fees is **DENIED**.

**CONCLUSION**

Plaintiff's Motion for Default Judgment and Motion for Attorney's Fees are **DENIED**. Defendants shall have until and including <u>May 23, 2011</u> to file an answer or other response to Plaintiff's complaint. The Clerk is directed to vacate the Entry of Default entered on November 16, 2010.

**IT IS SO ORDERED**.

Date: April / 8 , 2011

Hon. Roger T. Benitez
United States District Court Judge